UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHARLENE GUDGE, on behalf of herself and
all others similarly situated,

                             Plaintiff,

-against-

109 RESTAURANT CORP. d/b/a Café Royale,
JOHN DOXEY, and JOHN DOES 1-100,

                             Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV-14-2208

(Wexler, J.)

APPEARANCES:

    GILES LAW FIRM LLC
    BY: Joshua Parkhurst, Esq.
    825 Third Avenue, 4th Floor
    New York, New York 10022
    Attorneys for Plaintiff

    MILMAN LABUDA LAW GROUP, PLLC
    BY: Robert F. Milman, Esq.
         Michael J. Mauro, Esq.
         Matthew A. Brown, Esq.
    3000 Marcus Avenue, Suite 3W8
    Lake Success, New York 11042
    Attorneys for Defendants

WEXLER, District Judge:

       Plaintiff brings this action under the Fair labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") asserting that Defendants 109 Restaurant Corp. d/b/a Café Royale ("109 Restaurant") and John Doxey ("Doxey") (collectively, "Defendants"), have failed to pay her minimum wage as required by both the FLSA and NYLL, and for engaging in unlawful kickbacks and deductions, and other violations of NYLL. Before the Court is Defendants' motion to compel arbitration and for abstention in favor of an action pending in the Supreme

Court of New York in Nassau County against these Defendants. For the reasons that follow, Defendants' motion to compel arbitration and for abstention are denied.

## BACKGROUND

According to Plaintiff's complaint, she worked as a dancer at Café Royale, which bills itself as an "upscale exotic nightclub," from August 2013 through December 2013. Plaintiff claims that she was given a work schedule established by Defendants, was subject to Defendants' code of conduct and dress, and danced for fees and in a rotation set by Defendants. Plaintiff never received an hourly wage, and was paid only through tips paid by the patrons. Plaintiff was required to pay Defendants a "shift fee" or be fined, and was assessed other fines by Defendants if the rules of conduct were violated. Plaintiff asserts that she and the other dancers were "employees" as defined by the FLSA and NYLL and thus entitled to the wage protections provided by those statutes.

Defendants claim that Plaintiff and all of the dancers are not employees but entertainers who entered into lease agreements with Richard Capri Real Estate Corp. ("Capri"), the owner of the premises, to lease space to provide services. Defendants claim that they and Café Royale are separate and apart from Capri, but Café Royale collected money generated at the premises on behalf of Capri. Defendants move to compel arbitration claiming the lease agreements contain an arbitration clause that "all disputes and controversies between operator and entertainer arising from this lease" be submitted to arbitration. See Affidavit of John Doxey in Support of Motion to Compel Arbitration ("Doxey Aff."), at 2. In support, Defendants submit a lease agreement with no entertainer name or date, but containing a signature purported to be Plaintiff's. Id., Exhibit C. In response to Defendants' motion, Plaintiff has submitted a declaration that she

never signed a lease agreement, and that the one submitted by Defendants clearly is not her signature when compared with other signature examples provided. See Declaration of Charlene Gudge ("Gudge Dec."), Ex. A.

## DISCUSSION

I. Defendants' Motion to Compel Arbitration

A. Legal Standards

In determining whether a claim should be arbitrated, the Court must determine (1) whether the parties agreed to arbitrate; (2) the scope of that agreement; (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (4) if the court concludes that some, but not all, of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration. See JLM Industries, Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004) (quoting Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 75–76 (2d Cir. 1998)); E.S. Originals Inc. v. Totes Isotoner Corp., 734 F.Supp.2d 523, 529 (S.D.N.Y. 2010).

"Federal policy strongly favors the enforcement of arbitration agreements." Paramedics Electromedicina Comercial, Ltda v. GE Medical Systems Information Technologies, Inc., 369 F.3d 645, 654 (2d Cir. 2004) (citing 9 U.S.C. § 2; Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). Yet, arbitration is "'a matter of consent, not coercion.'" JLM Industries, Inc., 387 F.3d at 171, (quoting Volt Info. Scis. v. Bd. of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)). It is a "'matter of contract,' and therefore 'a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit.'" JLM Industries, Inc., 387 F.3d at

171 (quoting Vera v. Saks & Co., 335 F.3d 109, 116 (2d Cir. 2003) (other citations omitted)). Thus, "[w]hile the FAA expresses a strong federal policy in favor of arbitration, the purpose of Congress in enacting the FAA 'was to make arbitration agreements as enforceable as other contracts, but not more so.'" JLM Industries, Inc., 387 F.3d at 171 (quoting Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel, 346 F.3d 360, 364 (2d Cir. 2003) (other citations omitted). Thus, the court deciding a motion to compel arbitration must first determine "whether the parties agreed to arbitrate that dispute." Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 225 (2d Cir.), cert. denied, 122 S.Ct. 546 (2001) (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouht, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985) (internal quotations omitted)).

B. Analysis

A preliminary roadblock to Defendant's motion to compel arbitration is whether the parties here agreed to arbitrate. While Defendants have submitted a lease agreement with an arbitration clause purportedly signed by the Plaintiff, she avers that she never signed the agreement and in support provides other examples of her signature, including her "consent to sue" filed in this action, a hair-stylist license renewal in 2012, a tax return from 2010, and a receipt from a Money-Gram in 2012, to show that the signature on the lease provided by Defendants is not hers. She declares that she "has never seen this alleged 'lease agreement' before the defendants filed their motion, and I never signed it. The signature on the document is not my signature." Gudge Dec., at ¶ 3.

In order to address the preliminary question of whether the parties intended to arbitrate, and specifically whether the Plaintiff signed a lease agreement, the Court directs that all counsel

and any necessary witnesses appear for a hearing on that issue on August 25, 2015 at 9:30am. Defendants' motion to compel arbitration is denied without prejudice to renew following that hearing,[1] and the Court will address the other issues relevant to Defendants' motion following the hearing, if necessary.

II.     Defendants' Motion for Abstention

   A.     Legal Principles

Defendants also seek to have this Court abstain from exercising jurisdiction over this dispute in deference to another action already filed against these Defendants entitled <u>Sheppard v. 190 Restaurant Corp. d/b/a Café Royale; LeCafe 107, Ltd. d/b/a LeCafe 107; John Doxey; and/or any other entities affiliated with or controlled by 109 Restaurant Corp d/b/a Café Royale, Le Café 107, Ltd. or John Doxey</u>, Index No. 600058/2014, in Supreme Court of New York, Nassau County ("New York action"). Defendants argue that abstention is warranted under <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976) due to the concurrent federal and state jurisdiction over Plaintiff's claims.

It is well settled that a federal court has a duty to exercise its jurisdiction to adjudicate a controversy properly before it, but in a few "extraordinary and narrow exception[s]" where abstention is appropriate and the federal court may decline or postpone its jurisdiction. <u>Colorado</u>

---

[1] Defendants strenuously argue that <u>Salzano v. Lace Entertainment Inc.</u>, 13-CV-5600, 2014 WL 3583195 (S.D.N.Y. July 14, 2014) dictates that the claims here are subject to arbitration. In that case, defendants successfully argued that plaintiff disc jockey who signed a lease agreement to provide entertainment services had agreed to arbitrate his FLSA and NYLL wage claims. Yet in that case, there was no dispute that the plaintiff had three times signed the contract containing the arbitration clause, that the defendant employer had also signed the contract, and that the contract specifically addressed compensation. Here, there is a dispute about whether the parties agreed to arbitrate, in addition to whether it applies to these Defendants and whether the scope includes wage claims.

River Water Conservation District v. United States, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244 (1976); see also Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 14–16, 25–26, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); Woodford v. Community Action Agency of Greene County, Inc., 239 F.3d 517, 522 (2d Cir. 2001).

The Supreme Court stated in Colorado River that additional consideration for abstention "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Colorado River, 424 U.S. at 817 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200, 203 (1952)). Under this doctrine, the federal court may abstain to conserve federal judicial resources in those "exceptional circumstances" where the existing concurrent state-court litigation could result in a "comprehensive disposition" of the case. Woodford, 239 F.3d at 522, quoting Colorado River, 424 U.S. at 813 (internal quotations omitted).

A prerequisite to abstention under Colorado River thus requires a finding that the concurrent proceedings are "parallel." See Dittmer v. County of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998) (quoting Alliance of American Insurers v. Cuomo, 854 F.2d 591, 603 (2d Cir. 1988); Day v. Union Mines Inc., 862 F.2d 652, 655 (7th Cir. 1988) ("Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." (internal quotation marks omitted)); Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 100 (2d Cir. 2012). "Lawsuits are considered 'parallel' if 'substantially the same parties are contemporaneously litigating substantially the same issue' in both forums." First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc., 862 F.Supp.2d 170, 182 (E.D.N.Y. 2012). "'Federal and state proceedings are concurrent or

parallel for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same.'" Mazuma Holding Corp. v. Bethke, 1 F.Supp.3d 6, 20 (E.D.N.Y. 2014) (quoting Abercrombie v. College, 438 F.Supp.2d 243, 258 (S.D.N.Y. 2006); internal citations omitted). There need not be "perfect symmetry of parties and issues," but there should be "a substantial likelihood" that the state case litigation will resolve all of the claims in the federal case. Id. (quoting In re Comverse Tech., Inc., No. 06–CV–1849 (NGG)(RER), 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006) (citing Clark v. Lacy, 376 F.3d 682, 686 (7th Cir. 2004)) (internal citation omitted)).

B.   Analysis

The Court finds that the actions at issue here are not parallel. First, the parties are not the same. Plaintiff here is not a plaintiff in the state case; nor are those plaintiffs in this case. Second, this case here asserts FLSA claims that are not in the New York action. While Defendants argue that an FLSA claim mirrors one under the NYLL, the procedural distinctions and the difference in remedies available under the two statutes are significant. Finally, at least two of the plaintiffs in the New York action worked during different time periods than the Plaintiff here. Thus, the cases are not parallel. See Dittmer, 146 F.3d at 118 (actions are not parallel where the parties are not the same and the present action involves only issues of federal law); see also Winfield v. Citibank, N.A., 842 F.Supp.2d 560, 572 (S.D.N.Y. 2012) (in an FLSA case, abstention is not applied to a California state law wage claim in the case in favor of an earlier-filed California state court wage action, where the FLSA claims give the court supplemental jurisdiction over the state law claims and class certification had yet been sought in either case). But see Garcia v. Tamir, 1999 WL 587902, *8 (S.D.N.Y. August 4, 1999) (court

applies abstention and declines federal jurisdiction in favor of state court action where same plaintiffs were suing same defendants for unpaid wage claims and where court finds the plaintiffs were attempting to manipulate the laws of the two courts to their advantage).

Defendants' suggestion that Plaintiff join the New York action to resolve the issue of identity of parties is not a palatable solution. Furthermore, the New York action does not include claims under the FLSA, which is the basis for federal jurisdiction here. This Court chooses to resolve "[a]ny doubt regarding the parallel nature of a federal and state action ... in favor of the exercise of federal jurisdiction." Mazuma, 1 F.Supp.3d at 20 (citations omitted). The Court finds that these cases are not sufficiently parallel to warrant a review of whether the Colorado River factors apply, and Defendants' motion for abstention is denied.

## CONCLUSION

For the reasons stated above, Defendants' motion to compel arbitration is denied, without prejudice to renew following a hearing on whether the parties agreed to arbitrate and specifically whether Plaintiff signed a lease agreement. Defendants' motion for abstention is also denied.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
August 6, 2015